IN THE MATTER OF THE ATTORNEY–GENERAL OF THE STATE OF NEW YORK *v.* THE CONTINENTAL LIFE INSURANCE COMPANY.

*Receiver of insolvent life insurance company — intervening creditors — allowances to their counsel, and costs cannot be charged upon the fund.*

Where certain of the creditors of an insolvent life insurance company have been allowed to intervene in the proceedings instituted by the receiver, and to have notice of and liberty to oppose the same and move therein, the court should not grant to the counsel of such intervening creditors any allowances payable out of the fund in the hand of the receiver, whether such allowances be claimed under the provisions of the Code or whether they are claimed as reasonable counsel fees earned by them. Nor should the court charge the taxable costs of such intervening creditors upon the said fund.

APPEAL from an order made at a Special Term appointing a referee to take proof and report to the court, with his recommendation, whether any allowances should be made out of the fund in the hands of the receiver to counsel for intervening claimants, and if so the amounts thereof and when the same should be allowed, and also from an order denying a motion to vacate or resettle the same.

*Julien T. Davies,* for certain policyholders, appellant.

*Leslie W. Russell,* attorney-general.

*Raphael J. Moses, Jr.,* and *Lucius McAdam,* for certain intervening policyholders, respondent.

*George W. Wingate,* for John P. O'Neill, receiver.

LEARNED, P. J.:

The Code provides that a party may recover certain definite sums which it calls costs. It also provides that certain allowances, in ratable proportion to the recovery, may, in the discretion of the court, be added to these costs. Such allowances, when granted, constitute a part of the costs.

This permission to add allowances to the costs and the practice thereunder have probably given rise to the idea that the courts possess

a general and arbitrary power to give to any party such an amount as they might think would compensate him for his trouble and expense in prosecuting or defending the litigation    But no such power exists.

The only recovery of this kind which can be had is regulated by the bill of costs, with the discretionary increase of a ratable allowance under the provisions of the Code.    Such recovery of costs is usually in favor of one party against the other.    In some special actions in equity it might be, and still may be, payable out of a fund.

There is another case which is quite distinct, although liable to be confounded with the recovery of costs.    When a receiver properly employs counsel, he is to pay such counsel, as he is to pay any other necessary expense.    Such payment, if proper and reasonable, would be allowed him, like any other necessary expense in the settlement of his accounts.    But as the amount payable to counsel is not a liquidated sum, and as there might be a doubt as to the proper amount, a receiver may well apply to the court to determine that amount in order that he may be justified in paying it.    This is merely the determining of the amount payable by client to counsel. And especially as the receiver is the officer of the court, it is proper that the court should determine how much should be paid.

A similar principle applies in the case of necessary counsel employed by an executor.    An executor may desire the sanction of the surrogate before paying counsel, lest the amount paid should not be allowed on an accounting.

Now such cases as these, it will be seen, arise when a certain fund is in the custody of some officer or *quasi* trustee; and that officer or *quasi* trustee has occasion to employ counsel as he might incur any other expense in behalf of the fund.    And the officer or *quasi* trustee desires the approval of the court, before which he must eventually account, so that he may safely make the payment.

The numerous suits and proceedings which have lately arisen in regard to insurance companies have given occasion for some new questions of practice.    And it is very possible that, in dealing with them, the principles above stated have sometimes been overlooked. Where there are many attorneys employed for different parties, it is natural that each should be willing that all should be paid, when

such payment can be made out of a fund. Each escapes the unpleasant task of charging his own client a large fee; and all can throw upon the court any complaint of extortionate charges, which their clients may make. It is, therefore, not strange under these circumstances, when all the attorneys agree and none oppose, that courts may have been too ready to order payments to counsel, in cases where the right to do so did not, on sound principles, exist.

Now in the present case, as above pointed out, the proper and reasonable counsel fees of the receiver must, like other expenses, be paid from the fund in his hands, subject, however, to the approval of the court.

But the other parties, that is, the intervening creditors as they are called, are simply creditors of the defunct corporation. Each creditor of the corporation has his own separate interest. Some have thought it necessary to employ private counsel of their own to look after their interests. Others have thought this unnecessary, and have been willing to trust to the receiver's management. Whatever the services of such counsel may be worth to their clients is a debt from those clients to their counsel. It is not, and ought not to be, a claim on the fund. Those creditors who did not choose to employ private counsel should not be made to pay, in whole or in part, for the debts contracted by other creditors to their counsel.

These counsel insist that, in some cases, their services have benefited not only their own clients, but also the other creditors ratably. Although that be so, the other creditors did not employ them, and one should not be made to pay for services which he did not request, and the performance of which he could not prevent. They were not retained by the other creditors, and therefore those creditors should not be required to pay. They were not retained by the receiver, and therefore their services are not a charge on the fund. The mere rendering of services to their own clients which have proved beneficial to other persons, does not justify the court in compelling such other persons, directly or indirectly, to pay therefor.

We are aware of the cases in equity where costs are charged on the fund. But it must be observed in passing that it is the *costs*, not the counsel fees owing by clients, which are thus charged.

Those cases belong to a small class, including actions of interpleader, for the construction of a will and the like. And they involve nearly always a conflict between the defendants themselves, some making claims which the others directly and not indirectly oppose.

The present case, however, is that of a suit to distribute the assets of a defunct corporation among its creditors. The receiver, as the officer of the court, is charged with the duty of collecting the assets and of seeing that no unjust claim is allowed. Each claimant may, by himself or by counsel, present his claim. Indirectly, of course, its allowance diminishes the amount payable to others. But the officer of the court is at hand to oppose; and in a certain sense acts for all valid claims. There is no construction of a will to be determined, on which all the rights depend. The only question in respect to each creditor is that of amount. For it is undisputed that the assets are to be used to pay the creditors.

Even, then, if we should consider these so-called intervening creditors as *quasi* parties, and they are certainly nothing more, it would not be a case in which parties should be paid even their costs out of the fund, far less their counsel fees. The orders permitting these creditors to intervene (as it is called) were made at their request and for their own personal benefit. And these orders only gave them the privilege of having notice of proceedings and opposing, if they choose, and of moving in the matter. The whole litigation could have been carried on without their appearance. They were not needed as parties, and there is no good reason why their costs and counsel fees should be paid out of the fund.

And it must be observed that the question here is not whether the services thus rendered ought to be compensated, but the question is who should make compensation. If the court makes allowances to be paid out of the fund, then the court assumes to determine between client and attorney how much the client ought to pay; and that, too, without any opportunity for the client to be heard. For the money in the hands of the receiver belongs to policyholders *pro rata.* And the counsel who make this application are the counsel of certain of these clients. Whatever, then, the court directs the receiver to pay to these counsel as compensation is a payment *pro rata* made to them by their clients. It is, therefore, a determination by the court how much their services have been

worth to their clients, as well as to others. And on that question the clients are not and cannot be heard.

Even the taxable costs under the Code belong to the client; although often taken by the attorney as his compensation or as a part thereof. And by the Code the amount payable for legal services is a matter of contract, express or implied. If this be so the court ought not to determine that amount, even between attorney and client, in a proceeding where the client is not heard. Much less ought the court to determine such amount against persons who never were the clients of the attorney.

We are therefore of the opinion that this is not a case in which even the taxable costs of the intervening creditors should be charged upon the fund. If it were such a case there would be no need of a reference, but only of a taxation. And we are of the opinion that it is not a case in which any allowance should be granted to the counsel of the intervening creditors payable out of the fund; whether such allowances be claimed under the provisions of the Code or whether they are claimed as reasonable counsel fees earned by the counsel of these intervening creditors. We think it unjust to clients that the court, without hearing them, should determine what they should pay for services rendered. And as the respective attorneys will receive the *pro rata* dividends for their clients, they will have a full opportunity to protect themselves and to secure a just payment for their services.

Orders reversed, without costs, and motion for reference denied, without costs.